IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN GLAUDE,

    Petitioner,                                                       No. CIV S-06-0968 MCE CMK P

    vs.

AP KANE, et al.,

    Respondent.                                                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The state moves to dismiss this petition on the grounds that this petition is untimely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d) (AEDPA). Petitioner filed an opposition to the state's motion on January 8, 2007.

I.    Statute of Limitations

        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). The one-year limitations period applies to all federal petitions filed after the effective date of AEDPA. As this petition was filed on May 3, 2006, AEDPA's statute of limitations applies. Untimely petitions are barred from

federal review.  See 28 U.S.C. § 2244(d).

Generally, a state prisoner challenging his custody has one year to file his federal petition from the date on which his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. See  28 U.S.C. § 2244(d)(1)(A). Calculating the timeliness of the federal petition requires more than simply looking at the date of the final state court judgment and the date the federal petition was filed.  That is because the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period.  See 28 U.S.C. § 2244(d)(2).

AEDPA's one year statute of limitations provision is subject to equitable tolling. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc).  In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoners control that (2) made it impossible to file a petition on time. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Equitable tolling is "unavailable in most cases."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003).   The burden of demonstrating grounds for equitable tolling rests with the prisoner.  See id.

II.     Discussion

Petitioner was convicted of manufacturing methamphetamine, possession for sale of methamphetamine while armed with a firearm, possession of ephedrine with intent to manufacture methamphetamine, possession of a hypodermic needle and syringe, possession of methamphetamine while on bail, and possession of an injection device.  He was sentenced to a

determinate prison term of fourteen years and four months.

On May 30, 1997, the Third District Court of Appeal affirmed the judgment and remanded the matter for resentencing. (Lod. Doc. 2.) Petitioner did not file a petition for review in the California Supreme Court.

On October 23, 1997, in compliance with the opinion of the Third District Court of Appeal, the Butte County Superior Court resentenced petitioner and issued an amended abstract of judgment. (Lodged Doc. 3.) Petitioner did not file an appeal. The state appeal process became final withing the meaning of § 2244(d)(1)(A) when the time for filing an appeal expired sixty days later on December 22, 1997. The one-year limitations period began to run the following day, December 23, 1997. Accordingly, the last day to file a federal habeas petition was December 22, 1998, plus any time for tolling.

As mentioned above, the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period. See 28 U.S.C. § 2244(d)(2). Petitioner filed five state habeas petitions.

He filed his first petition on November 21, 1997. The Butte County Court denied the petition November 25, 1997. The Butte County Court denied petitioner's motion for reconsideration of the November denial on December 11, 1997.(Lod. Docs. 4-6.) Because the denial of the first state habeas petition was five days prior to the day that petitioner's one-year limitation period commenced (December 23, 1997), this habeas application has no tolling consequences. See e.g. 28 U.S.C. §. 2244(d)(2).

Petitioner filed his second state habeas petition nearly eight months, after the denial of his motion for reconsideration of the denial of his first habeas petition (December 11, 1997) on August 6, 1998[1] in the Third District Court of Appeal. The time that a state

---

[1] The petition, which does not contain a proof of service, is dated August 6, 1998, five days before its August 11, 1998 file stamp. (Log. Doc. 7.) Under Houston v. Lack, 487 U.S. 266 (1988), a petition is deemed filed at the moment that a prisoner delivers it to prison authorities for forwarding to the clerk of the court.

1  application is "pending" includes the period between a lower court's denial of relief and filing in
2  a higher court, provided that the filing in the higher court is timely under state law. Carey v.
3  Saffold, 536 U.S. 214 (2002).  Generally, a period of thirty to sixty days is allowed for filing an
4  appeal to a higher court. See id. at 210.   The Supreme Court recently stated that an unexplained
5  delay of six months during interval between state appellate court's denial of California prison
6  inmate's state habeas corpus petition, and inmate's filing of notice of appeal from that decision,
7  could not be "reasonable."  See Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 854 (2006).
8  Therefore, petitioner's notice of appeal could not be timely under state law, and his state habeas
9  petition was not "pending" during delay within meaning of AEDPA's one-year limitations
10 period for filing a federal habeas petition was not tolled during that period. See id.  The Ninth
11 Circuit has held that  delays of eighteen, fifteen, and ten months were unreasonable. See Gaston
12 v. Palmer, 47 F.3d 1165 (9th Cir. 2006).

13         Here, petitioner has not offered any justification for the nearly eight month delay
14 between the denial of his motion for reconsideration in Butte County Court and his filing of his
15 habeas petition in the Court of Appeal.  Accordingly the court finds that petitioner's nearly eight
16 month delay was unreasonable, and his state habeas petition cannot be considered pending
17 during the time that his one-year limitations period started to run (December 23, 1997, the date
18 his sentence became final) and the filing of his second habeas petition (August 6, 1998).
19 Accordingly, when petitioner filed his second habeas petition on August 6, 1998,  226 days of
20 the one-year limitation period had elapsed.

21         There is no dispute that the second habeas petition was properly filed.  Therefore,
22 petitioner is entitled to tolling from August 6, 1998 until August 20, 1998, when the second
23 habeas petition was denied.  (Log. Doc. 8.)

24         Nearly seven years, or 2, 477 days,  later, petitioner filed his third state habeas

25

26

petition in the Butte County Superior Court on June 1, 2005.² (Log. Doc. 9.) The court finds that the delay of nearly seven years is unreasonable, and petitioner is not entitled to tolling of the one-year statute of limitations during this time. See Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 854 (2006). Petitioner has offered no justification for his delay in filing his third state habeas petition.

Petitioner filed his fourth state petition in the Third District Court of Appeal on November 21, 2005. The petition was denied on November 23, 2005. (Lod. Docs. 11-12.) Petitioner filed his fifth state habeas application on December 19, 2005 in the California Supreme Court. The California Supreme Court denied the petition on February 8, 2006. (Lod. Docs. 13-14.) Petitioner filed his federal habeas application on May 3, 2006.

III. Conclusion

As noted above, 226 days of the one-year limitations period was used as of the date petitioner filed his second state habeas petition. Absent interval tolling for the period between the denial of the second state habeas petition on August 20, 1998 and the filing of the third petition on June 1, 2005, an additional 2,477 days passed. The court finds that AEDPA's one-year limitations period expired by the time that petitioner filed his habeas petition.

Accordingly, IT IS RECOMMENDED that:

1. Respondents' motion to dismiss on the grounds that it was filed beyond the AEDPA's one-year statute of limitations be granted.

2. Petitioner's petition for a writ of habeas corpus should be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written

---

²The petition is dated June 1, 2005, but stamped filed June 8, 2005. Under the Houston, it is deemed filed on June 1, 2005.

5

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

2  Findings and Recommendations."  Petitioner is advised that failure to file objections within the

3  specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951

4  F.2d 1153 (9th Cir. 1991).

6  DATED:  January 29, 2007.

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE